UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

TIMMY WALLACE,                              )
                                            )
          Plaintiff,                        )        Civil Action No. 7:20-cv-00095-GFVT
                                            )
v.                                          )
                                            )        **MEMORANDUM OPINION**
FEDERAL BUREAU OF PRISONS, *et al.*,        )               **&**
                                            )             **ORDER**
          Defendants.                       )
                                            )

*** *** *** ***

Plaintiff Timmy Wallace is a federal inmate currently confined at the United States

Penitentiary ("USP")-Big Sandy in Inez, Kentucky.  Proceeding without an attorney, Wallace

has filed a civil rights complaint against prison officials [R. 1], as well as a motion to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915 [R. 3] and a motion for a subpoena of USP-Big

Sandy surveillance camera footage [R. 6].  Because Wallace has requested permission to proceed

*in forma pauperis*, the Court must conduct a preliminary review of Wallace's Complaint

pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.  A district court must dismiss any claim that is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d

601, 607-08 (6th Cir. 1997).

The Court evaluates Wallace's Complaint under a more lenient standard because he is not

represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321

F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts the plaintiff's factual allegations

as true, and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## I

As an initial matter, the Court notes that Wallace's Complaint is somewhat difficult to follow, as it fails to comply with Rule 8 of the Federal Rule of Civil Procedure, which requires that a plaintiff state his allegations and claims in a manner that is both short and plain.  *See* Fed. R. Civ. P. 8.  Wallace's Complaint spans 26 pages, asserts claims against 15 different Defendants, involves multiple, separate incidents, and, while technically filed on the form approved for use by this Court, includes an 8-page handwritten, single-spaced "attachment" setting forth a rambling, repetitive narrative description of the alleged events giving rise to his claims.  [R. 1.]   In contrast, a proper complaint must set forth its claims against each defendant in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Regardless, it appears that Wallace's Complaint is based on allegations that unnecessary and excessive force was used against him on two separate occasions (on April 16, 2020, and on May 21, 2020), resulting in multiple physical injuries to him.  [*See* R.1.]  He also refers to multiple "sick call" requests that he made requesting to been seen by a doctor that he says were ignored and generally alleges that he has been denied medical treatment for his injuries, as well as treatment for a hunger strike.  *Id.*  He further claims that the May 21, 2020 incident involved both the unnecessary use of force and sexual assault.  *Id.*  He also states that, on May 23, 2020, he received an incident report falsely accusing him of assaulting a prison officer.  *Id.*

2

Wallace further complains that Counselor Horn is "deliberately making my administrative remedies unavailable to me by taking long amounts of time to provide me with grievance forms and when she does provide me with grievance forms she rarely answers them." *Id*. at 8.  He also alleges that, although he has filed grievances regarding his claims, they have not been answered.  *Id*.  Wallace also complains of a June 21, 2020, strip search, and claims that his personal property (including his legal documents) were taken from him on June 21 and not returned until June 23, even though he has an upcoming court deadline, which he believes was retaliation.  *Id*.  He also alleges that Warden Joyner will only allow him to use a writing pen when he is in the law library, and has not allowed him to have access to a "relevant portion of [his] legal documents," thus interfering with his access to the court by impairing his ability to file a § 2255 motion in his criminal matter.  *Id*. at 19-21.

Based on these allegations, he seeks to bring claims alleging violations of his rights under the First, Fifth, and Eighth Amendments.  As relief, he seeks $10 million in monetary damages, $5 million in actual damages for mental suffering, $5 million in punitive damages, and injunctive relief ordering that he be provided medical attention and to allow inmates to have writing pens and legal documents in Special Housing Unit ("SHU") cells.  *Id*. at 26.

## II

The Court has reviewed Wallace's Complaint and concludes that it must be dismissed without prejudice, as he admits that he has not fully exhausted his administrative remedies with respect to his claims.  Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that

unexhausted claims cannot be brought in court."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). Further, mere attempts at exhaustion are not enough; instead, the PLRA requires "proper exhaustion of administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has defined proper exhaustion as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a); 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

In his Complaint, Wallace states that he filed a grievance in relation to the April 16, 2020 incident on May 14, 2020, by filing a BP-9 request directly with the Mid-Atlantic Regional Office because he believed that it was sensitive. [R. 1 at 8-9; R. 1-2 at 3.] [1] However, this remedy request was rejected with a letter instructing him that he must first file a BP-9 request

---

[1] By regulation, if an inmate reasonably believes that an issue is "sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit a Remedy Request directly to the appropriate Regional Director." 28 C.F.R. § 542.14(d)(1). If the Regional Administrative Remedy Coordinator does not agree that the Request is sensitive, the Request is not accepted and the inmate will be advised of the determination in writing and may then pursue the matter by submitting an Administrative Remedy Request locally to the Warden. *Id.*

through the institution for the Warden's review and response before filing an appeal at the Regional Level.  [R. 1 at 9; R. 1-2 at 2.]  He states that he then re-file his "grievances" (he does not specify the subject of those grievances) seeking informal resolution with his Case Manager on June 11, 2020, but they were never answered.  [R. 1 at 9.]

He also alleges that he turned in two BP-8 Informal Resolution Forms on May 19, 2020, one complaining that he was being denied medical treatment caused by the unnecessary use of force used against him on April 16, 2020, and the second complaining about the denial of medical treatment related to his hunger strike (which he states that he engaged in to "get someone's attention" regarding the April 16, 2020 incident) on May 18, 2020.  *Id*. at 10.  However, he states that neither grievance was answered.  *Id*.

Wallace later states that, on June 3, 2020, he explained to Warden Joyner that he has filed four BP-8 grievances with his counselor.  *Id*. at 15.  In addition to those already described herein, he states that he filed a BP-8 alleging that he was sexually assaulted by multiple prison officers on May 21, 2020.  *Id*.  He states that, after he explained to Warden Joyner that he had not received responses to these grievances, Joyner replied, "I have all of your grievances and they'll be answered shortly."  *Id*. at 16.  However, he states that he never received any responses.  He then alleges that he refiled a BP-8 grievance on or around June 11, 2020, related to the April 16, 2020 incident.  *Id*.  He does not refer to any grievances filed regarding his claims that he has been denied access to the courts or that he was stripped searched and his property temporarily removed from his cell as retaliation.

However, with the exception of the BP-9 that he initial filed at the regional level and was rejected, the narrative allegations of Wallace's Complaint are clear that he never pursued any of his grievances past the informal request level.  Indeed, in the pre-printed section of the Court's

complaint form regarding his exhaustion of administrative remedies, Wallace does not indicate that he filed a formal request or appeal with the Warden; that he appealed the denial of any of his grievances to the Regional Director; or that he appealed the denial of any of his appeal to the Office of General Counsel. *Id*. at 22. Instead, he states that "Counselor Horn, and unit team are not answering my grievances" and further explains that "[o]nly one of my grievances was answered by the Regional Director which was rejected. The other 4 grievances [were] filed with my unit team but [were] never answered." *Id*. at 22-23.

In addition, in the cover letter accompanying Wallace's Complaint, Wallace specifically admits that he has not exhausted his administrative remedies with respect to his claims, instead requesting that the Court waive the exhaustion requirement "because USP Big Sandy's Prison Officials are making administrative procedures unavailable to me by refusing to answer my grievances, or when they do answer them they are answered outside of the required timelines to respond to my complaints." [R. 1-5.][2] However, even if Wallace is correct that prison officials failed to timely respond to his BP-8 remedy requests, this failure does not make the BOP's Inmate Grievance System "unavailable" to him, such that his failure to exhaust his administrative remedies may be excused by the Court. Rather, 28 C.F.R. § 542.18 provides that "[i]f the inmate does not receive a response within the time allotted for reply,…the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Thus, if the officials did not timely respond to Wallace's BP-8 remedy requests, this failure to respond is a constructive denial of his request and Wallace may then appeal to the Warden. He failed to do so. Nor did he

---

[2] Wallace also complains that it is difficult to obtain grievance forms from his unit because he is currently in the SHU, thus he has to wait for members of his unit teams to do their rounds. [R. 1-5.] However, the Court notes that these difficulties have not actually impeded Wallace's ability to file grievance requests, as the allegations of his complaint establish that, since April 2020, he has filed at least four BP-8 forms, plus the BP-9 request that he filed at the regional level. [R. 1 at 22-23.]

appeal any of his administrative remedy requests to the Regional Director or the Office of the General Counsel, the remaining steps of the BOP's Inmate Grievance System.

The "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). If the failure to exhaust administrative remedies is apparent from the face of the complaint, it is subject to dismissal upon initial screening. *Shah v. Quintana*, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017). *See also Jones v. Bock*, 549 U.S. at 214-15 (district court may dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense).

Where a plaintiff has filed a complaint prior to fully exhausting his available administrative remedies, a district court may properly dismiss the complaint without prejudice to afford the plaintiff the opportunity to properly invoke and follow the jail's grievance procedures with respect to his concerns. *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011). Because Wallace admits that he has not fully exhausted his administrative remedies available via the BOP's grievance process, his claims are premature, rendering dismissal of his complaint without prejudice appropriate. Because Wallace's claims are premature, the Court will decline to impose the filing fee at this time and will instead deny his motion to proceed *in forma pauperis* as moot.

Accordingly, it is hereby **ORDERED** as follows:

1.    Wallace's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** to his ability to re-file his claims in a new case after the administrative remedy process is complete.

2.      All pending requests for relief, including Wallace's motion for leave to proceed *in forma pauperis* **[R. 3]** and his motion for a subpoena of USP-Big Sandy's surveillance camera footage **[R. 6]** are **DENIED AS MOOT**.

3.      **JUDGMENT** shall be entered contemporaneously with this Order.

4.      This matter is **STRICKEN** from the Court's docket.

This the 20th day of August, 2020.

Gregory F. Van Tatenhove
United States District Judge